UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

TIMOTHY W. MCDONALD                                      PLAINTIFF

v.                                      CIVIL ACTION NO. 4:17CV-P127-JHM

MAJOR ELSCHIDE *et al*.                                   DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Timothy W. McDonald, a state prisoner incarcerated in the Wayne County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

### I.

In this § 1983 civil-rights action, Plaintiff challenges the conditions of his confinement during his incarceration in the Daviess County Detention Center (DCDC). In the caption and parties section of the complaint, he names the following DCDC officers as Defendants in their individual and official capacities: Major Elschide; Lt. Jack Jones; Corporal Reagan Bennett; and Head Jailer David Osborne. In the caption, he also names "All of Daviess County Detention Center" as a Defendant.

In the statement-of-claims section of the complaint, Plaintiff first alleges as follows:

> On 9-25-2015 Major Elschide Tricked Me into his office by Telling Correction Office/Deputy Schulky To Tell me I have an Attorney visit. Then He said he heard I had some sort of Drugs on my Person. I Told Him that's a lie. Then He ask Lt. Jack Jones To Search me [and] Corpral: Reagan Bennett to search Plaintiff. And They took Plaintiff in a Small Room with No camera's [and] They Attacked me once I was undressed Fully Naked [and] they Physically [and] sexually Assaulted me. And Major Elschide charged me with False Charges That Never happen. There was 7 officers Present when Major Elschide Told Lt. Jones [and] Corpral Bennett

what the charges was going to be [and] as to how it all whent down [and] Lt. Jones [and] Corpral: Bennett Agreed [and] To the Plaintiff to charge me with 1 Count of Assault on a Corrections Officer 3rd Degree [and] 1 Count of Tampering with Physical Evidence.

As to Defendant Jones, Plaintiff additionally claims:

Then once out of High Risk Jack Jones went as Far as to Slander My name to other inmates to Place my Life in danger by Telling Lies That I told on other inmates so that I'd get into fights as I did with James Havener [and] afterwards He went to his cell 137 [and] thanked him. The Plaintiff recieved a Concussion From where the Plaintiff fell [and] hit his head on the steel Table seat. The Plaintiff gets Lightheaded [and] dizzieness occasionally every since this happened. And Jack Jones Allowed me [and] James Havener to be on Visit knowing We had an Altercation in Feb 2016. Then on 3-30-2016 He Put The Plaintiff in a Holding cell with James [and] Josh Havener Trying to Strike another Altercation.

Further, Plaintiff claims that Defendant "David Osborne; Head Jailor Allowed These Officers to get away with Committing Crimes under his scope [and] Not concerned as to How or Why I was in 'High Risk.'" He further alleges that Defendant Osborne "Refused to give me Medical Attention by his staff" and that "When in 'High Risk' he refused to talk by ignoring me calling him while I was injured."

Plaintiff alleges that Defendants violated the Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Sections 10, 17, and 227 of the Kentucky Constitution. He also alleges a violation of his due process rights, unreasonable search and seizure, cruel and unusual punishment, excessive force, falsification of information on a Uniform Citation Report, and "Deformation of character [and] Slander."

As relief, Plaintiff seeks "Prosecution [and] Removal of local officials or Officer's for misfeasance, malfeasance" as well as compensatory and punitive damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## A. Federal Claims

Plaintiff alleges constitutional violations under 42 U.S.C. § 1983. Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). In other words, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 183. "[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at

4

the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. at 397). Additionally, a claim of unlawful search and seizure accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004.").

While the statute-of-limitations is an affirmative defense, when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. at 215; *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Plaintiff claims that on September 25, 2015, Defendant Elschide lied about drugs being on Plaintiff's person and falsely charged him and that Defendants Jones and Bennett assaulted him. Plaintiff making no allegation that he did not know of his purported injuries at the time they occurred, the statute of limitations began to run on or around September 25, 2015, and ended one-year later on or around September 25, 2016. Because Plaintiff did not file his complaint until September 25, 2017,[1] a year following expiration of the limitations period, his § 1983 claims regarding the September 25, 2015, incident are time-barred.

Plaintiff additionally claims that Defendant Jones told lies about him resulting in an altercation between Plaintiff and fellow inmate James Havener in February 2016 and that

---

[1] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on September 25, 2017.

Defendant Jones placed Plaintiff in a holding cell with James and Josh Havener on March 30, 2016, to try to start another altercation. The statute of limitations for these claims expired in February 2017 and March 30, 2017, respectively, months before Plaintiff filed his complaint on September 25, 2017.

Finally, Plaintiff alleges that Defendant Osborne allowed the other Defendants to get away with the alleged wrongdoing. As the alleged wrongdoing/injuries occurred at the latest on March 30, 2016, the claims against Defendant Osborne necessarily accrued on or before that date and, therefore, are untimely.

For these reasons, the foregoing claims will be dismissed as frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### B. State-Law Claims

In addition to alleging federal constitutional violations under § 1983, Plaintiff alleges various state-law claims. Under 28 U.S.C. § 1367(c)(3), however, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Having determined that the federal claims over which this Court has jurisdiction should be dismissed, this Court declines to exercise supplemental jurisdiction over the remaining state-law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the state-law claims will be dismissed without prejudice.

## III.

For all the foregoing reasons, the instant action will be dismissed by separate Order.

Date: March 2, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
     Defendants
     Daviess County Attorney
4414.005